**Roger F. WILLIAMS, Plaintiff Below, Appellant,**

v.

**STERLING OIL OF OKLAHOMA, INC., a Delaware corporation, Defendant Below, Appellee.**

Supreme Court of Delaware.

Jan. 4, 1971.

Richard J. Abrams and Mason E. Turner, Jr., of Richards, Layton & Finger, Wilmington, for plaintiff below, appellant.

William Poole and Richard E. Poole, of Potter, Anderson & Corroon, Wilmington, and John A. Morrison, of Morrison, Hecker, Cozad, Morrison & Curtis, Kansas City, Mo., for defendant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This appeal raises the question of whether the conflict of two identical but contradictory proxies received in a corporate election may be resolved by the inspectors of the election from extrinsic evidence submitted by one of the contesting factions.

The Opinion of the Chancery Court appears at 267 A.2d 630, to which reference is made for a full statement of the facts and the basic contentions of the parties. The plaintiff appeals from the declaratory judgment therein announced, upholding the action of the inspectors in rejecting one of the proxies and accepting the other upon the basis of the extrinsic evidence submitted.

We are unable to agree with the holding below that it was permissible for the inspectors to receive and consider the affidavit of an officer of a stock brokerage firm, submitted by the attorney of one of the contesting factions weeks after the original meeting date and initial counting, identifying which of two identical but conflicting proxies the firm intended to be counted. It is our opinion that such rule produces unacceptably impractical and unfair results.

■ It is settled that the functions and powers of inspectors of corporate elections are purely ministerial, not quasi-judicial. Gow v. Consolidated Coppermines Corp., 19 Del.Ch. 172, 165 A. 136 (1933); Investment Associates v. Standard Power & Light Corp., 29 Del.Ch. 225, 48 A.2d 501, aff'd 29 Del.Ch. 593, 51 A.2d 572 (1947). It is our opinion that the inspectors here exceeded such ministerial functions and powers by postponing the conclusion of the count from time to time; by receiving and considering evidence in the form of the affidavit subsequently obtained and submitted by counsel for the management group; and by rejecting one proxy and counting the other upon the basis of such evidence.

■ We hold the proper rule to be that, in the exercise of their ministerial functions and powers, the inspectors of an election must reject all identical but conflicting proxies when the conflict cannot be resolved from the face of the proxies themselves or from the regular books and records of the corporation. Otherwise stated, conflicting proxies, irreconcilable on their faces or from the books and records of the corporation, may not be reconciled by extrinsic evidence. See Pope v. Whitridge, 110 Md. 468, 73 A. 281, 286 (1909); 5 Fletcher, Cyclopedia of Corporations, § 2062 (Perm.Ed.1967); 2 Thompson on Corporations, § 1021 (3rd Ed.1927); Rogers, Proxy Guide for Meetings of Stockholders, §§ 19, 39 (1969). This rule is dictated by the necessity for practical and certain procedures in the fair handling of proxies and the expeditious conclusion of corporate elections.

The Chancery Court recognized the settled rule that the role of the inspectors of a corporate election is ministerial only; but the Court concluded from the deposition of a clerk of the stock brokerage firm, filed in this action, that the transmission of the conflicting proxies was a mistake on her part which was corrected by the explanatory affidavit ultimately submitted to the inspectors; and it was held that the correction of such "obvious clerical mistake" by the inspectors, on the basis of such evidence, did not go beyond the proper ministerial functions of the inspectors.

We agree, of course, that the correction of clerical mistake should be favored over disenfranchisement; but not at the price of uncertainty of procedure, impractical delay in election results, or possible invitation to fraud. The policy favoring correction of mistake must be limited to corrections that can be made from the face of the proxy itself or from the regular books and records of the corporation. The acceptance and consideration of extrinsic evidence for the purpose, especially when

questioned and controverted as here, improperly take the inspectors over the line from the realm of the ministerial to that of the quasi-judicial.

In support of the rule favoring correction of clerical mistakes, the appellee relies mainly upon Aranow & Einhorn, Proxy Contests for Corporate Control, p. 378 (2nd Ed.1968), and Atterbury v. Consolidated Coppermines Corporation, 26 Del.Ch. 1, 20 A.2d 743 (1941). The comment in the former was limited to the correction of proxies from brokerage firms mistakenly covering more shares than the total registered in the name of the firm on the books of the corporation; and in *Atterbury* the mistake corrected by the inspectors was made by the inspectors themselves. Neither is inconsistent with the rule here adopted.

Accordingly, we must hold that the Chancery Court erred in declaring that the proxy in controversy was properly counted. It should have been rejected together with its identical but conflicting counterpart.

We do not reach the other ground of appeal.

The judgment below is reversed and the cause remanded for further proceedings not inconsistent herewith.