George K. BROUGH, Plaintiff, Appellant,

v.

UNITED STEELWORKERS OF AMER-
ICA, AFL–CIO, Defendant, Appellee
and Third Party Plaintiff, Appellant,

v.

CARPENTER & PATERSON, INC., Third
Party Defendant, Appellee.

Nos. 7693, 7694.

United States Court of Appeals,
First Circuit.

Jan. 29, 1971.

James J. Kalled, Wolfeboro, N.H., for
George K. Brough.

E. Donald Dufresne, Manchester, N.
H., with whom Devine, Millimet, Mc-
Donough, Stahl & Branch, Manchester,
N.H., was on brief, for Carpenter & Pa-
terson, Inc.

George H. Cohen, Washington, D.C., with whom Elliot Bredhoff, Michael H. Gottesman, Bredhoff, Gottesman & Cohen, Washington, D.C., Richard F. Upton, Upton, Sanders & Upton, Concord, N.H., and Bernard Kleiman were on brief, for United Steelworkers of America, AFL-CIO.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Plaintiff Brough, a resident of New Hampshire and an employee of Carpenter & Paterson, Inc., a New Hampshire corporation, was injured while operating an allegedly faulty machine, and received Workmen's Compensation benefits. He brought suit for negligence in the state court against the union, a local of the United Steelworkers of America, AFL-CIO, with whom the employer had a collective bargaining agreement. The complaint relied upon an asserted New Hampshire common law principle that an employer's safety advisors, regardless of their motivation or contractual relationship, are subject to tort liability if their machinery inspection negligently fails to discover a defect, with the result that an employee is injured.[1] The union removed to the district court, claiming that any duty it owed plaintiff was derived from the Labor Management Relations Act, 1947, and hence the cause of action was one arising under federal law. 28 U.S.C. §§ 1331, 1337, 1441. Plaintiff's motion to remand was denied. The union then moved for summary judgment. This motion was granted, without opinion, and plaintiff appeals.

For a suit to be one that arises under the laws of the United States, so as to confer original or removal jurisdiction on the federal courts, it must appear on the face of the complaint that resolution of the case depends upon a federal question. E. g., Pan American Petroleum Corp. v. Superior Court, 1961, 366 U.S. 656, 663, 81 S.Ct. 1303, 6 L.Ed.2d 584; Skelly Oil Co. v. Phillips Petroleum Co., 1950, 339 U.S. 667, 672, 70 S.Ct. 876, 94 L.Ed. 1194, and cases cited. The fact that a defense to the action may raise a federal question, see n. 1, ante, is immaterial. Louisville & N. R. R. v. Mottley, 1908, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126; Tennessee v. Union & Planters' Bank, 1894, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511. It is also irrelevant that plaintiff may, in fact, have no valid state cause of action, but at best only a federal one; he is free to select the suit he will bring. The Fair v. Kohler Die & Specialty Co., 1913, 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716; cf. Great Northern Ry. v. Alexander, 1918, 246 U.S. 276, 282, 38 S.Ct. 237, 62 L.Ed. 713. The original complaint, pointedly based upon the assertion of common law rights and raising solely issues of state law, was not removable.

Denial of remand is a non-appealable interlocutory order, and a plaintiff whose request has been rejected does not waive his objection by then proceeding with his case in the ordinary

---

1. This principle, in the form in which plaintiff asserts it, has been expressed only in cases dealing with insurance carriers. See Corson v. Liberty Mut. Ins. Co., 1970, N.H., 265 A.2d 315; Smith v. American Employers' Ins. Co., 1960, 102 N.H. 530, 163 A.2d 564. Such defendants are apparently liable even if there is no showing that their negligence in failing to discover the defect worked to the detriment of the employee by decreasing the inspection or care that would otherwise have been exercised by the employer. Whether such a rule would be applied by the New Hampshire court to a union safety committee is a difficult question. In addition, defendant contends that its application to unions subject to the National Labor Management Relations Act, 1947, would be state intrusion into an area preempted by Congress. The absence of any requirement that either detriment to the employee or an intention to assume an obligation toward him be shown, makes the New Hampshire rule an unusually burdensome one, adding force to this contention. Cf. ITT Lamp Division, etc. v. Minter, Comm'r, 1 Cir., 435 F.2d 989. For reasons that will appear, we reach neither of these questions.

course. This is so not only where the ground for the motion is lack of subject matter jurisdiction, which cannot be waived, but also where the ground is only a modal defect. Guaranty Trust Co. of New York, v. McCabe, 2 Cir., 1918, 250 F. 699, cert. denied 247 U.S. 505, 38 S.Ct. 427, 62 L.Ed. 1240; *see* Ex parte Roe, 1914, 234 U.S. 70, 34 S.Ct. 722, 58 L.Ed. 1217; *cf.* Thomas v. Great Northern Ry., 9 Cir., 1906, 147 F. 83, 86–87. Plaintiff did not proceed simply on the basis of his original theory of recovery, however. He amended his complaint to add a second count, alleging breach of the union's duty of fair representation, a duty that obviously arises under federal law. *E. g.*, Vaca v. Sipes, 1967, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842; de Arroyo v. Sindicato de Trabajadores Packinghouse, 1 Cir., 1970, 425 F.2d 281, cert. denied 400 U.S. 877, 91 S.Ct. 121, 27 L.Ed.2d 115. This amendment had the effect of curing the defect in the district court's jurisdiction. Indeed, had such an amendment been made while the parties were in the state court, the case would have been immediately removable. 28 U.S.C. § 1446(b). Clearly plaintiff cannot be permitted to invoke the jurisdiction of the federal court, and then disclaim it when he loses. We must regard his decision to amend to be a waiver of any objection to the denial of remand. The case was, therefore, properly before the district court for disposition.

Granting summary judgment for the defendant on the second count, added by the amendment, was correct. The Labor Management Relations Act imposes upon the exclusive bargaining representative only a duty of good faith representation, not a general duty of due care. *See Figueroa de Arroyo*, ante. Plaintiff's affidavits suggest no failure to meet this federal obligation.

There remains the question of the proper disposition of the original common law negligence count. In removal cases, as in cases in which federal jurisdiction is invoked by the plaintiff, the federal court may, in its sound discretion, remit the parties to the state court for the trial of any pendent state law claims. *See* Murphy v. Kodz, 9 Cir., 1965, 351 F.2d 163. After the federal count had been disposed of on summary judgment the circumstances in this case would appear to call for the exercise of that discretion.[2] Even though ultimately there may be a question of federal law, the state court can appropriately decide that question. In the meantime interpretation of the state common law will be needed, not only to determine if the federal question is to be reached, but if it is reached, to aid in its resolution. While the exercise of this discretion should ordinarily be a matter for the district court, that court did not consider the question because it regarded the first count, as well as the second, as an allegation of a breach of the duty of fair representation. We shall accordingly exercise our own prerogative.

The judgment for the defendant on the second count is affirmed. The judgment on the first count is vacated and said count is remanded to the state court.

---

2. For a discussion of the proper exercise of discretion to accept pendent jurisdiction see United Mine Workers of America v. Gibbs, 1966, 383 U.S. 715, 726–729, 86 S.Ct. 1130, 16 L.Ed.2d 218.