**NEW YORK STOCK EXCHANGE, an unincorporated association under the laws of the State of New York, Plaintiff,**

v.

**PICKARD & COMPANY, Incorporated, a corporation of the State of Delaware, Defendant.**

Court of Chancery of Delaware, New Castle.

Sept. 20, 1971.

John P. Sinclair, and Michael D. Goldman, of Potter, Anderson & Corroon, Wilmington, for plaintiff.

William H. Uffelman, Jr., of Theisen, Lank & Kelleher, Wilmington, for Aubrey B. Lank, Receiver of Pickard & Co., Inc.

DUFFY, Chancellor:

On March 21, 1969 the New York Stock Exchange (plaintiff) filed a complaint asking for the appointment of a receiver for Pickard & Company, Incorporated, a Delaware corporation, on the ground that it was insolvent. 8 Del.C. § 291. The statutory grounds having been established, the Court appointed a receiver on April 22, 1969.

The Stock Exchange filed a claim asserting that it was a general creditor of Pickard and was owed the sum of $227,007.51 for advances made to pay the customers of Pickard and for liquidation expenses incurred on Pickard's behalf. The Receiver objected to the claim and filed a counterclaim against the Exchange for the sum of $2,072,175.94. The basis of the counterclaim is that the Exchange abandoned its duty to protect the investing public by refusing to enforce its own rules (particularly Rule 325, the net capital rule) which were promulgated pursuant to Section 6 of the Securities Exchange Act of 1934 for the protection of the investing public. It is argued that the failure of the Exchange to so act was a representation that Pickard

was a responsible firm on which Pickard's creditors relied to their detriment.

The Stock Exchange moved to dismiss the counterclaim on various grounds, including: (1) the claims are within the exclusive jurisdiction of a United States District Court because they are based on the Securities Exchange Act of 1934; (2) the Receiver does not have standing to assert the individual claims of creditors, subordinated lenders and shareholders of Pickard against the Exchange; and (3) all claims prior to April 15, 1968 are barred by the Statute of Limitations, 10 Del.C. § 8106. This is the decision on that motion after briefing and argument.

■ A fair reading of the counterclaim shows that it is based on Section 6 of the Securities Exchange Act of 1934 and rules promulgated under that Act by the New York Stock Exchange; I refer particularly to paragraphs 2, 3, 4 and 13. The gravamen of the claim is the allegation that plaintiff failed "to enforce compliance by Pickard with the Securities Exchange Act of 1934." Exclusive jurisdiction of any claim under that Act is vested in the Federal courts by the specific language of the Act, 15 U.S.C. § 78aa, and the Delaware courts will not take jurisdiction of that subject matter or any portion thereof.[1] American Hardware Corp. v. Savage Arms Corp., 37 Del.Ch. 59, 136 A.2d 690 (1957); Standard Power & Light Corp. v. Investment Associates, 29 Del.Ch. 593, 51 A.2d 572 (1947); Williams v. Sterling Oil of Oklahoma, Inc., Del.Ch., 267 A.2d 630 (1970), reversed on other grounds, Del. Supr., 273 A.2d 264 (1971).

■ To the extent that there is a common law duty on plaintiff to supervise its members, a Delaware court may have jurisdiction to hear and determine an alleged violation of such a duty because, by definition, the Act did not create it. See this Court's opinion in Investment Associates v. Standard Power & Light Corp., 29 Del. Ch. 225, 48 A.2d 501 (1946), and compare Columbian Fuel Corporation v. Superior Court, 2 Storey 365, 158 A.2d 478 (1960). But the Receiver has not shown any authority to support his hypothesis that there is such a common law duty. The only opinions I have seen are to the contrary. Raldiris v. Simmons, 242 App.Div. 603, 271 N.Y.S. 1018, aff'd 266 N.Y. 577, 195 N.E. 208 (1934); Morgenbesser v. New York Stock Exchange, CCH Fed.Sec.L. Rep. ¶ 93,210 (Sup.Ct. Nassau Co., N.Y. 1964). And compare Pettit v. American Stock Exchange, 217 F.Supp. 21 (S.D.N.Y. 1963), and Baird v. Franklin, 141 F.2d 238 (2 Cir. 1944), in which the duty is discussed entirely in terms of § 6.

This opinion decides only the counterclaim, that is, the pleading in which the Receiver seeks an affirmative judgment against the Stock Exchange. At oral argument the Court discussed with counsel the question of whether the substance of the counterclaim may be used as an affirmative defense. On the present state of the pleadings and the briefs I do not regard that question as submitted for decision.[2] If the Receiver desires to rely on the allegations of the counterclaim as an affirmative defense, then he must file an appropriate pleading and its contents may then be tested for defense purposes on application of either party.

In view of these conclusions it is unnecessary to consider other arguments made by counsel. The motion of the New York Stock Exchange to dismiss the counterclaim is granted.

1. 15 U.S.C. § 78aa reads, in part:
"The district courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder."

2. Certain of the law as to this is discussed in II L. Loss, Securities Regulation, 977–978 (2d ed. 1961) and V L. Loss, supra, 2950 (Supp.1969).