**CARE CORPORATION, a corporation of the State of Delaware, Plaintiff,**

v.

**KIDDIE CARE CORPORATION, a corporation of the State of Delaware, Defendant.**

**Civ. A. No. 4292.**

United States District Court,
D. Delaware,
Wilmington.

June 6, 1972.

Robert H. Richards, III, Richards, Layton & Finger, Wilmington, Del., and F. William Hutchinson, Varnum, Riddering, Wierengo & Christenson, Grand Rapids, Mich., for plaintiff.

Aubrey B. Lank, Theisen, Lank & Kelleher, Wilmington, Del., and Philip W. Buchen, of Law, Buchen, Weathers, Richardson & Dutcher, Grand Rapids, Mich., for defendant.

## OPINION

STAPLETON, District Judge.

Plaintiff, Care Corporation, ("Care") and defendant, Kiddie Care Corporation, ("Kiddie Care") are both Delaware corporations. This action was originally filed in the Court of Chancery of the State of Delaware in and for New Castle County. Kiddie Care removed it to this Court asserting that it is a civil action founded on a right or claim arising under the laws of the United States and is, accordingly, removable under 28 U.S.C. § 1441(b). The matter is currently before me on Care's motion to remand to the state court. The following facts are undisputed, although there is disagreement between the parties as to which of these facts the Court may properly consider in determining the present question.

Care was responsible for the organization of Kiddie Care. After Kiddie Care's incorporation, Care conveyed certain property to Kiddie Care in return for 310,000 shares of its capital stock. After a number of other privately negotiated stock issuances, Kiddie Care made a public offering of its stock. Currently, the 310,000 shares of stock held of record by Care constitute 46% of Kiddie Care's outstanding stock.

On May 19, 1971, the Chairman of the Board of Kiddie Care wrote a letter to Care. He advised Care that Kiddie Care's board had adopted a resolution directing its Chairman to "notify Care in writing of the grounds on which . . . [Kiddie Care] may seek relief from the transaction whereby Care Corporation acquired its 310,000 shares of stock." The resolution also directed that Care be advised of the willingness of Kiddie Care

to negotiate a rescission of such transaction. Enclosed with the letter was a copy of a letter of Kiddie Care's legal counsel stating the grounds upon which Kiddie Care believed the transaction could be rescinded. This opinion letter expressed the view that the issuance of Care's Kiddie Care stock violated Delaware law in a number of respects and was, accordingly, rescindable. It concluded with the following:

"In addition to the remedy possible under the corporation law in a state court, there is also relief possible, to either the corporation or its stockholders, in a federal court under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 issued by the Securities and Exchange Commission."

On July 14, 1971, Care filed a declaratory judgment action in the Delaware Court of Chancery. The Complaint asked that the Court of Chancery declare, pursuant to Delaware's Declaratory Judgment Act, 10 Del.C. § 6501, that Care was the owner of the 310,000 shares registered in its name and that these shares were "validly and properly issued." In the course of alleging that an actual controversy existed, the complaint referred to the letter of May 19, 1971 and alleged that at numerous times since that date certain officers and directors of Kiddie Care had orally asserted Kiddie Care's right to rescind the transaction and had threatened to interfere with Care's right to vote its stock.

Settlement discussions followed. In connection with those discussions, Care voluntarily dismissed its Chancery action without prejudice pursuant to an agreement that Kiddie Care would not institute litigation of its own without ten days' prior notice.

On October 8, 1971, after ten days' notice, Kiddie Care filed suit in the Federal District Court for the Western District of Michigan seeking rescission of the transaction, damages and an injunction against Care's voting its Kiddie Care shares pending final judgment. The first count of the complaint recites the organization of Kiddie Care by Care and the subsequent events. It asserts that "the actions, representations and omissions of Care by itself and in concert with others violated Section 10(b) of the Securities Exchange Act of 1934 and the rules and regulations promulgated thereunder" and "constitute collectively a scheme to defraud plaintiff in violation of that section." The second count alleges a conspiracy between Care and certain members of Kiddie Care's board which is said to constitute "a scheme to defraud" and a course of business which has operated as a fraud and deceit upon Kiddie Care in violation of Section 10(b) of the Securities Exchange Act and Rule 10b–5 thereunder. Count III cites a number of violations of Delaware Corporation Law, but alleges that such breaches of duty were a violation of Section 10b–5 of the Securities Exchange Act. Count IV alleges that the issuance of Care's stock by Kiddie Care violated Delaware law and asks that the court entertain this portion of the complaint under its pendent jurisdiction. The final count asks preliminary relief.

On November 12, 1971, Care filed this action in Delaware's Court of Chancery. The complaint is similar to the one previously filed in that court by Care, but in connection with the allegations regarding the existence of an actual controversy it refers not only to the prior threats of rescission but also to the fact that Kiddie Care had filed an action in Michigan seeking rescission on both state and federal law grounds. The relief sought, however, is limited to a declaratory judgment under the Delaware Declaratory Judgment Act that the issuance of Care's Kiddie Care stock was in full compliance with Delaware law. On December 9, 1971, Kiddie Care removed the case to this Court.

Care has moved to dismiss Kiddie Care's Michigan action for want of jurisdiction and Kiddie Care has moved in that case to amend its complaint. Both motions are still pending. The amended complaint Kiddie Care seeks leave to file is dated April 13, 1972. This proposed

amended complaint recites substantially the same factual background but alleges only that the facts constitute a violation of Section 10(b) of the Securities Exchange Act and the regulations promulgated thereunder.

At the outset I note two matters which I consider unnecessary to decide in the context of this case. First, I need not determine whether this Court should look solely to the complaint in this action, the complaint in this action together with the Michigan complaint referred to therein, or to all of the facts recited above. As will appear hereafter, the result must be the same whichever approach be taken.

Second, I conclude that the question of whether the controversies between these parties could best be resolved in the Court of Chancery, in the Michigan federal court, in both, or in some other court is not relevant to a determination of the question of the propriety of the removal in this case.[1] It may well be, as Kiddie Care suggests, that considerations relating to the convenience of the parties and potential witnesses and to the efficient administration of justice dictate a single trial in the Michigan federal court. However, the merits of this contention should be determined by a court having jurisdiction over the case. If this case is not properly before this Court, for example, this contention might be determined by the Court of Chancery on a motion to stay or dismiss, or on a motion asserting that the Court of Chancery should, in its discretion, decline to exercise declaratory judgment jurisdiction. If this case is properly before this Court, Kiddie Care's contention can subsequently be determined on a motion to stay or to transfer.

In my judgment, the legally relevant facts in this case can be stated in two sentences. Kiddie Care, at the time of the filing of the complaint in this action and at the time of the removal, asserted a claim against Care for rescission based

upon Delaware Corporation Law and a claim for rescission based upon the Securities Exchange Act. Care in this action sought a declaratory judgment of the state law claim in a state court having no jurisdiction to determine the federal law claim. The question is whether, under these circumstances, Care can successfully resist removal of its action to a federal district court.

Kiddie Care relies on a well-settled principle which was articulated by this Court in La Chemise Lacoste v. Alligator Company, 313 F.Supp. 915–917 (D.Del. 1970), as follows:

"To determine whether a declaratory judgment action raises a federal question, the Court must look to the cause of action which the declaratory defendant threatens to assert; if the threatened action involves a claim under federal law, there exists federal question jurisdiction over the declaratory judgment action. Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952). . . ."

Here, Kiddie Care asserts that its threatened action involves a claim under federal law and that Care cannot defeat Kiddie Care's right of removal by "artful pleading."

Care, on the other hand, relies upon an equally well established doctrine which has recently been summarized by the First Circuit Court of Appeals in the following manner:

"For a suit to be one that arises under the laws of the United States, so as to confer original or removal jurisdiction on the federal courts, it must appear on the face of the complaint that resolution of the case depends upon a federal question. . . . The fact that a defense to the action may raise a federal question, see n. 1, ante, is immaterial. . . . It is also irrelevant that plaintiff may, in fact, have no valid state cause of action, but

---

1. The relevance of the pendency of the Michigan proceeding for present purposes is simply that it evidences the existence

of an actual controversy, as alleged in the complaint.

at best only a federal one; he is free to select the suit he will bring. . . . The original complaint, pointedly based upon the assertion of common law rights and raising solely issues of state law, was not removable." Brough v. United Steelworkers of America, AFL–CIO, 437 F.2d 748, 749 (1st Cir. 1971).

In short, Care asserts that "the party who brings the suit is master to decide what law he will rely upon." .The Fair v. Kohler Die and Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913); Pan American Petroleum Corp. v. Superior Court of Delaware In and For New Castle County, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961).

However, neither the cases cited in the briefs nor any cases which the Court has been able to find dictate the answer to the question presently before the Court.

The *Wycoff* case supports Kiddie Care's quoted proposition of law as applied to federal declaratory judgment actions in which the question arises whether there is a federal issue upon which federal question jurisdiction can be founded. The *Lacoste* case supports the quoted proposition as applied to a removed state declaratory judgment action where the alleged threat of the declaratory defendant is based on a federal right (i. e., a federally registered trademark) and where a remand might defeat the declaratory defendant's right to have a federal court pass upon his federally based claim. Neither case, however, involved a removed state declaratory judgment action where the declaratory defendant had made a threat based on state law as well as a threat based on federal law, where the declaratory plaintiff seeks only a determination of the state claim, and where remand would not deprive the declaratory defendant of a federal forum for his federal claim.

On the other hand, the proposition that the one bringing an action is the master of his case arguably loses some of its persuasive appeal when that party is not asserting claims of his own but rather bringing his opponent into court to litigate only a portion of his opponent's outstanding claims. The *Brough* and *Fair* cases cited by Care were coercive actions, rather than declaratory judgment actions, in which the plaintiff was accorded the right of characterizing his own claim.

■ Again, the question in this case is whether a declaratory plaintiff faced with two threatened claims, one a state claim and the other a federal claim over which the federal courts have exclusive jurisdiction, may choose to seek declaratory relief in a state court solely on the state claim and successfully resist removal of his case to the federal courts. I conclude that this question should be answered in the affirmative.

■ Declaratory judgment relief developed in part because of the recognition that the mere assertion of an•unfounded claim may cause injury to another. Borchard, Declaratory Judgments pp. 7–8 (2 ed. 1941). Section 12 of the Uniform Declaratory Judgments Act declares that its purpose is to "afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." Declaratory judgment relief is, accordingly, designed to enable the declaratory plaintiff to secure a judicial determination of adverse claims which *he* deems a real threat, at a time when *he* determines such a determination is needed, without regard to his adversary's thoughts concerning the form and timing of enforcement. 3 Barron & Holtzoff, Federal Practice § 1262 (1958). With this in mind it would seem entirely appropriate to apply the doctrine of the *Brough* and *Fair* cases to a declaratory judgment action.

■ While the fact that a declaratory plaintiff chooses not to seek resolution of all issues involved in a controversy may well persuade the court to exercise its discretion against entertaining his declaratory judgment action,[2] there are un-

---

2. The fact that declaratory judgment jurisdiction exists does not, of course, require the court to exercise that jurisdiction. It may and should decline to entertain

doubtedly cases where the needs of the plaintiff may be such that a partial declaration will be advisable. Developments in the Law—Declaratory Judgments, 62 Harv.L.Rev. 787, 806 (1949).

 Moreover, allowing a declaratory plaintiff to state his own case does not mean that he may characterize his opponent's claim as he pleases. He must allege the existence of an actual, not a hypothetical, controversy. Here Kiddie Care has clearly asserted a right to rescission based upon alleged violations of Delaware law. That assertion apparently causes problems for Care and it has appropriately sought a determination of that claim in the Delaware Court of Chancery.

Nor does allowing the declaratory plaintiff to state his own case mean in the context of this case that Kiddie Care will be deprived of a federal determination of its federal claim.[3] The Court of Chancery cannot determine Kiddie Care's claim under the Securities Exchange Act. The Delaware courts have consistently refused to entertain such claims. Investment Associates, Inc. v. Standard Power & Light Corp., 29 Del.Ch. 225, 48 A.2d 501 (Del.Ch.1946); Williams v. Sterling Oil of Oklahoma, Inc., Del.Ch., 267 A.2d 630 (Del.Ch.1970), rev'd on other grounds, Del., 273 A.2d 264 (1971). If this case is allowed to proceed in the Court of Chancery, its determination of whether there have been violations of Delaware's General Corporation Law will not foreclose a federal court from determining whether there have been violations of the Securities Exchange Act.[4]

This action is simply not a matter of federal concern. It will be remanded to the state court.

Submit order.

---

the action, for example, when the issue may more appropriately or effectively be resolved in another pending proceeding or where the declaratory judgment action is being used as a weapon in a game of procedural fencing. Borchard, Declaratory Judgments pp. 299–308, 312–314 (2 ed. 1941). In light of the conclusion I here reach, I express no view on whether this is such a case.

3. This is a further feature which distinguishes the present case from La Chemise Lacoste v. Alligator Company, 313 F. Supp. 915 (D.Del.1970). There the state court had concurrent jurisdiction over the declaratory defendant's federal claim and could not resolve the declaratory judgment action without determining that federal claim. The language of the Lacoste opinion relied upon so heavily by Kiddie Care must be read in context. The court there was concerned lest the plaintiff "by the expedient of artful pleading" be allowed to "deny Alligator's right to have the federal question determined by a federal court."

4. The legal standards are different and the relevant facts will differ. Concededly, if the Chancery action proceeds to final judgment first, some facts found by the Court of Chancery may be given collateral estoppel effect in a federal action on Kiddie Care's federal claim, but this fact alone cannot justify removal.