**HUNTER DOUGLAS INC., Appellant,**

v.

**SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 159, Appellee.**

No. 83–1042.

United States Court of Appeals, Fourth Circuit.

Argued May 11, 1983.

Decided Aug. 10, 1983.

Margie Toy Case, Raleigh, N.C. (Robert A. Valois, Mark S. Thomas, (Maupin, Taylor & Ellis, P.A., Raleigh, N.C., on brief), for appellant.

Michael G. Okun, Washington, D.C. (Judith E. Kincaid, North Carolina Labor Law Center, Raleigh, N.C., on brief), for appellee.

Before WINTER, Chief Judge, HALL, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.

HARRISON L. WINTER, Chief Judge:

In a declaratory judgment action which was removed from a state court, Hunter Douglas, Inc., appeals from an order by the district court requiring it to submit to arbitration a dispute between it and the Sheet Metal International Association, Local 159.

The dispute concerns the right of Hunter Douglas under its collective bargaining agreement to require its employees to submit to polygraph testing. Before us, Hunter Douglas contends that the district court lacked jurisdiction over the removed action and that it was error not to remand it to state court. If jurisdiction existed, Hunter Douglas contends that the district court erred in ruling that an earlier state court decision refusing preliminarily to enjoin Hunter Douglas from testing its employees did not preclude further challenges to its right to do so. Finding neither contention meritorious, we affirm.

## I.

Hunter Douglas, a Delaware corporation, has its principal place of business and a production plant located in Roxboro, North Carolina. At that plant it produces metal siding, gutters, and similar aluminum products from scrap aluminum. The Sheet Metal Workers International Association, Local 159 (hereafter the Union) is the certified collective bargaining agent for the production and maintenance employees at the Roxboro plant. The collective bargaining agreement between the parties contains a grievance procedure culminating in binding arbitration.

In August 1981, Hunter Douglas instituted a program requiring its employees to submit to polygraph testing, purportedly in response to suspected employee damage at the plant. The Union immediately filed a grievance protesting the testing as a violation of its contract, and on September 15 it told Hunter Douglas that it was taking the issue to arbitration.

Earlier, however, on September 12, the Union filed a complaint in the North Carolina Superior Court seeking a temporary restraining order, preliminary injunction and permanent injunction to prohibit the testing. In its complaint it argued that the testing infringed the employees' privacy rights, was an intentional infliction of emotional distress, and violated the terms of its collective bargaining agreement. The state court granted a temporary restraining or-

der pending a full hearing on the complaint, which was subsequently held on September 21. At the hearing, both parties agreed that the contractual issue was ultimately subject to arbitration. Nonetheless, the state court ruled that the testing was permitted by the "Management Rights" clause of the contract; it dissolved the temporary restraining order, denied the preliminary injunction and dismissed the action.

The Union did not appeal that decision. Instead, it and Hunter Douglas prepared to take the contractual issue to arbitration, finally agreeing to an arbitrator and setting a briefing schedule on December 22. At that time the parties contemplated that the arbitrator would determine whether the state court decision was res judicata of the contractual dispute. A month later, however, Hunter Douglas informed the Union that it no longer consented to arbitration on the question of the preclusive effect of the prior state judgment. Instead, it filed an action in North Carolina Superior Court seeking a declaratory judgment to prevent the Union from litigating or compelling arbitration on the issue whether polygraph testing was permitted under the collective bargaining agreement.

The Union removed that action to the federal district court, alleging that the district court had original jurisdiction, *inter alia,* under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. After removal the Union filed an answer and counterclaim, alleging that Hunter Douglas had breached the collective bargaining agreement and praying that Hunter Douglas be ordered to be bound by any arbitration decision regarding the use of a polygraph. Hunter Douglas answered the counterclaim and moved to remand the action to the state court. Both parties filed motions for summary judgment.

The district court, 553 F.Supp. 324, denied Hunter Douglas's motion to remand, ruled that the state decision was not res judicata of the contractual dispute and ordered Hunter Douglas to submit the dispute to arbitration. This appeal followed.

## II.

To be removable to federal court under 28 U.S.C. § 1441 a state action must be within the original jurisdiction of the district court, and its jurisdiction must be ascertainable from the face of the complaint. *Gully v. First National Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). Here Hunter Douglas sought a declaratory judgment by a state court that the Union was precluded from compelling arbitration of a labor contract dispute by a prior state judgment which purportedly resolved the merits of that dispute. The district court ruled that it had jurisdiction—and thus the action was removable—under § 301 of the Labor Management Relations Act.

That statute gives federal courts jurisdiction over "(s)uits for violations of contracts between an employer and a labor organization representing employees in an industry" which affects interstate commerce. 29 U.S.C. § 185(a). The district court noted that disputes over the arbitrability of labor contract disputes could be brought in federal district court under § 301, *see, e.g., United Steelworkers of America v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), and reasoned that the action brought by Hunter Douglas in the North Carolina Superior Court was, at bottom, an action to determine the arbitrability of a contract dispute and therefore cognizable under that statute.

We agree that Hunter Douglas's suit for a declaratory judgment was properly removed to federal court. Whether a state action for a declaratory judgment is removable to federal court is determined by reference to the character of the threatened action. If it is inevitably federal in nature, then federal jurisdiction exists. *Arden-Mayfair, Inc. v. Louart Corp.,* 434 F.Supp. 580, 584 (D.Del.1977); 1A Moore's Federal Practice, ¶ 0.160[3.–3]. This rule is a refinement of the more general principle that federal jurisdiction in an action for a declaratory judgment is determined by the character of the threatened action, and not of the defense asserted. *Public Service Comm'n v. Wycoff Co.,* 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291 (1952). *Kallen v. District 1199, Nat'l Union of Hosp. and Health Care Employees,* 574 F.2d 723 (2 Cir.1978), is directly on point. There it was held that a state action to vacate an arbitrator's award under a collective bargaining agreement was removable under § 301, even though it was not a suit for "violation" of a labor contract, since the state defendant's corollary right of action to enforce the award could have been brought in federal court under that statute. The Second Circuit reasoned:

> Where one of the parties refuses to abide by an arbitrator's award, whether the resulting lawsuit begins as a petition to vacate or confirm will often turn only on who wins the race to the courthouse. As the Supreme Court has observed in a related context, "it is inconceivable that Congress intended the rule to differ depending upon which party to the arbitration agreement first invokes the assistance of a federal court." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404, 87 S.Ct. 1801, 1806, 18 L.Ed.2d 1270 (1967).

*Id.* at 725. *See also Weyerhaeuser Co. v. Int'l Bro. of Pulp, Sulphite and Paper Mill Workers,* 190 F.Supp. 196 (D.Me.1960).[1]

This result does not violate the rule that the basis for federal jurisdiction must be ascertainable from the state plaintiff's com-

---

1. In *Prima Paint,* on which the Second Circuit relied, the Supreme Court reasoned that the conclusion followed from § 4 of the Arbitration Act of 1925, which allowed a party to seek an order compelling arbitration of a question concerning fraud in the inducement of a contract, that Congress intended that under § 3 of the Act a court should stay an action brought raising the issue of fraud in the inducement so as to require arbitration of that issue since such disposition was a corollary to the right of action granted to a party desiring arbitration of the issue by § 4. In *Weyerhaeuser* the district court concluded that § 301 provided a jurisdictional basis for an action seeking a declaratory judgment that an issue was not arbitrable since the corollary right of action to compel arbitration would come within its jurisdictional grant.

plaint. In its complaint Hunter Douglas alleged that the action was brought to forestall the Union's efforts to compel arbitration of a labor contract dispute, indicating that a federal right and a federal issue ultimately lay in controversy.[2] This case is distinguishable from *La Chemise Lacoste v. Alligator Co., Inc.,* 506 F.2d 339 (3 Cir.1974), on this basis. There it was held that a state action for a declaratory judgment on the plaintiff's rights under state trademark law could not be removed to federal court even though the action threatened by the defendant which allegedly gave rise to the suit might well have been grounded upon federal trademark law. In that case the threatened action was not necessarily federal in nature, and the plaintiff's complaint did not inevitably put a federal right in issue, for the defendant might also have sought relief under state law. *Id.* at 345–346. Here, the claim is necessarily federal in nature; a claim founded upon a labor contract violation is preemptively federal. *See* 1A Moore's Federal Practice ¶ 0.160[3.–3], n. 25.

### III.

Since we hold that the district court had jurisdiction over the removed action, we turn next to the question of whether the district court was correct in ruling that the state decision did not preclude subsequent arbitration of the contractual dispute. The issue of Hunter Douglas's contractual rights came before the state court on the Union's motion for a preliminary injunction to prevent the company from administering the tests. The state court denied the motion, finding that the Management Rights clause of the contract permitted the testing. Hunter Douglas argues that this determination was final and should be held to bar the union from relitigating the issue. We disagree.

Findings made in a preliminary hearing are given preclusive effect only if

the parties were fully heard on the issue in question. *Miller Brewing Co. v. Joseph Schlitz Brewing Co.,* 605 F.2d 990, 996 (7 Cir.1979); *Lummus Co. v. Commonwealth Oil Ref. Co.,* 297 F.2d 80, 89–90 (2 Cir.1961), *cert. den.* 368 U.S. 986, 82 S.Ct. 601, 7 L.Ed.2d 524 (1962). Generally, such findings are not entitled to preclusive effect since they are not a final judgment on the issue in question, but instead represent only a prediction as to the likelihood of how that question will be resolved. *FTC v. Food Town Stores, Inc.,* 547 F.2d 247, 249 (4 Cir.1977). *See, generally* Restatement (Second) of Judgments, § 13, comment g and Reporter's Note.

Neither the Union nor Hunter Douglas sought to litigate fully the contractual issue in the state court. Instead, both argued that the issue was properly a subject for arbitration, and that the sole question before the state court was the necessity of some interim relief pending arbitration. Indeed, the only legal authority on the point cited by the Union in its state brief was a citation to a recent arbitrator's decision finding that a Management Rights clause similar to that in this suit did not entitle the employer to institute a program of polygraph testing. This authority, of course, was offered to indicate the probability of its success on the merits in arbitration. At the hearing itself counsel for the Union never pressed the merits of the contractual issue. In fact, the only argument on the point made for the Union was by one of its witnesses in cross-examination. In these circumstances the Union can hardly be said to have had a full and fair opportunity to present its case. Therefore, the state court's determination is not entitled to preclusive effect.

AFFIRMED.

---

2. That the complaint failed to note the distinctly federal nature of labor contract disputes is, of course, irrelevant. If a labor contract violation is put in issue, a federal question exists to justify removal even though the complaint is cast entirely under state law. *See Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*), 376 F.2d 337 (6 Cir.1967), *aff'd* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).