CHRONOLOGIC SIMULATION, INC.
and Viewlogic Systems, Inc.,
Plaintiffs,

v.

John SANGUINETTI, Defendant.

Civ. A. No. 95–11091–RWZ.

United States District Court,
D. Massachusetts.

July 10, 1995.

Peter J. MacDonald, Jeffrey B. Rudman, Hale & Dorr, Boston, MA, for plaintiffs.

Howard M. Brown, Mitchel S. Ross, Kaye, Fialkow, Richmond & Rothstein, Boston, MA, for defendant.

## MEMORANDUM

TAURO, Chief Judge.

This action involves a dispute arising out a merger between Chronologic Simulation, Inc. ("Chronologic") and Viewlogic Systems, Inc. ("Viewlogic") (collectively, the "Plaintiffs"). The complaint was originally filed in Massachusetts Superior Court and was removed by the Defendant. Presently before the court is Plaintiffs' Motion to Remand.

### I.

#### Background

In March of 1994, Chronologic, a silicon valley software company, and Viewlogic entered into merger negotiations. The two companies reached an agreement and the merger closed on March 30, 1994. As a result of the merger, Chronologic became a wholly owned subsidiary of Viewlogic.

Allegedly, Viewlogic made representations to Sanguinetti, Chronologic's founder and president, that Chronologic would maintain its previous level of operating independence. Sanguinetti signed a non-competition agreement and stayed on to run Chronologic.

According to Sanguinetti, Plaintiffs soon began to limit Chronologic's operating freedom. A dispute over control of Chronologic arose and lead to negotiations between Sanguinetti and the Plaintiffs. During these negotiations, Sanguinetti accused Viewlogic of fraud, including violations of federal securities law, in connection with the merger. To

that extent, he threatened to rescind the merger agreement.

Plaintiffs allege that around the same time, Sanguinetti was approached by a third party which attempted to induce Sanguinetti to leave Chronologic and form a competing joint venture. Chronologic alleges that such a move would have violated the non-competition agreement in Sanguinetti's employment contract.

On May 8, 1995, during the negotiations, Plaintiffs filed this action in Massachusetts Superior Court. They did not serve the complaint. On May 22, 1995, when negotiations broke down, Sanguinetti and other former officers of Chronologic filed a federal suit against Viewlogic in the Northern District of California and served the complaint. Plaintiffs responded by serving the complaint in the previously filed Massachusetts action. Sanguinetti then removed that action to this court. Plaintiffs are seeking to remand the case back to state court.

## II.

### Analysis

Sanguinetti removed the Massachusetts action pursuant to 28 U.S.C. § 1441, alleging that the action arises under the laws of the United States. Plaintiffs' suit alleges five counts, each grounded in state law. Count I seeks a declaration, under the Massachusetts Declaratory Judgment Statute, M.G.L. c. 221(A), that "Viewlogic committed no fraud in connection with the March 20, 1994 transaction in which a wholly-owned subsidiary of Viewlogic merged into and with Chronologic, and Chronologic became a wholly-owned subsidiary of Viewlogic."[1] Sanguinetti asserts in his opposition to the Motion to Remand that the count for fraud referred to in the state complaint involves a claim under federal securities law and, thus, sets forth a federal issue over which this court has jurisdiction.

■ For a suit to be one that arises under federal law so as to confer removal jurisdiction on the federal courts, "it must appear on the face of the complaint that the resolution of the case *depends* upon a federal question." *Brough v. United Steelworkers of America, AFL–CIO*, 437 F.2d 748, 749 (1st Cir.1971) (emphasis added). A complaint "pointedly based upon the assertion of common law rights and raising solely issues of state law [is] not removable." *Id.*

Applying this standard, to the case at bar, this court believes that the Plaintiffs' Complaint is not removable. The Complaint asserts only state law rights. It does not refer to federal law, and the application of federal law is not necessary to determine whether Viewlogic committed common law fraud.

Generally, the party bringing the action is the master of the case. *The Fair v. Kohler Die and Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913). If the plaintiff is able to craft its complaint so as to avoid all federal causes of action, removal is unavailable. *See Brough*, 437 F.2d at 749. "It is also irrelevant that plaintiff may, in fact, have no valid state cause of action, but at best only a federal one; he is free to select the suit he will bring." *Id.* "If a plaintiff has a state claim and he also can properly plead a federal claim in his complaint, then the plaintiff has a choice between the federal forum and state forum. . . . If [ ] the plaintiff sues in the state court and does not present a federal question in his complaint well pleaded the defendant cannot normally remove the action as a suit 'arising under.'" 1A J. Moore, Federal Practice, ¶ 0.160 at 231. Because Plaintiffs have successfully removed any reference to a federal issue from the complaint, they have satisfied this standard.

■ In support of his opposition to remand, however, Sanguinetti argues that, pursuant to the Supreme Court's decision in *Public Service Commission of Utah v. Wycoff Co.*, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952), federal jurisdiction in a declaratory judgment action is determined by reference to the declaratory defendant's threatened action. In this case Sanguinetti, the declaratory defendant, threatened to bring a suit charging Viewlogic with violation of fed-

---

1. The remaining counts are for Breach of Fiduciary Duty; Breach of Duty of Loyalty; Interference with Contractual Relations; and, Breach of Implied Covenants of Good Faith and Fair Dealing.

320

eral securities law. He concludes, therefore, that removal is proper.

This court thinks that this is too broad an interpretation of *Wycoff.* The Defendant's argument has been discussed and rejected by the Third Circuit. *La Chemise Lacoste v. The Alligator Company,* 506 F.2d 339, 343 (3d Cir.1974). As that circuit explained, the *Wycoff* decision involved a declaratory judgment action originally filed in federal court. *Id. Wycoff,* therefore, involved a plaintiff trying to get into federal court, not, as in this case, a plaintiff trying to stay out. Such a distinction was found to be important. *Id.* at 343. The Third Circuit discussed the principles for determining federal question jurisdiction and those governing removal procedure and concluded that the *Wycoff* dicta should not be applied to removal cases. *Id.* at 344–45 (noting Congressional intent to limit removal jurisdiction). Instead, the Third Circuit applied the well pleaded complaint rule to removal cases. *Id.* at 343–345; *see also Care Corp. v. Kiddie Care Corp.,* 344 F.Supp. 12, 16 (D.Del.1972) (applying the reasoning of *Brough* ).[2]

Sanguinetti also asserts that the declaratory relief requested by Plaintiffs is, in fact, a thinly veiled attempt to construe federal securities law, and, thus, confers jurisdiction on this court. *See* 1A J. Moore, Federal Practice ¶ 0.160 at 233.

Again, the court disagrees. As noted above, the Plaintiffs have the option to present only their state court claims in the state action. In this case they have done so. Their complaint does not allege violations of federal securities law, nor is the application of federal securities law necessary to a determination of the merits. The fact that Plaintiffs purposefully omitted reference to federal issues is irrelevant. *Lacoste,* 506 F.2d at 345. That Plaintiffs' complaint does not refer to federal law or to Sanguinetti's alleged threat of federal action is sufficient to avoid removal. *Id.* (noting that the court will not find an implied averment of a threatened federal action where federal relief was only one of three available avenues of litigation).

Sanguinetti also relies on several cases which purport to apply the *Wycoff* dicta to removal cases. In these cases, however, the federal status of the plaintiff's claim is, in fact, readily ascertainable from the face of the complaint. For instance, in *Hunter Douglas v. Sheet Metal Workers Int'l Ass'n,* 714 F.2d 342 (4th Cir.1983), cited by Sanguinetti at the hearing on this matter, plaintiffs sought a determination that a prior arbitration precluded a union from litigating whether an issue was permitted under a collective bargaining agreement. The claim held that the claim was "founded upon a labor contract violation" and was, therefore, "preemptively federal." *Id.* at 346; *see also Grynberg Prod. Corp. v. British Gas, PLC,* 817 F.Supp. 1338, 1353–54 (E.D.Tex.1993) (suit implicating issues of international relations and national sovereignty).

The Fourth Circuit distinguished the facts of *Hunter Douglas* from those in *Lacoste,* where the suit was to determine rights under state trademark law, because in *Lacoste,* "the threatened action was not necessarily federal in nature, and the plaintiffs complaint did not inevitably put a federal right in issue. . . ." *Id.* In fact, removal in *Hunter Douglas* was pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, not § 1441. *Hunter Douglas,* 714 F.2d at 346.

Finally, Sanguinetti argues that trying the state fraud case in state court will deprive him of a federal forum for his federal claims. These concerns, however, are misplaced. *See Care Corp. v. Kiddie Care Corp.,* 344 F.Supp. 12, 17 (D.Del.1972). Because federal courts have exclusive jurisdiction over federal securities claim, the doctrine of res judicata will not bar a separate suit. *Id.* Although some findings made by the state court may have preclusive effect in a federal action, "this fact alone cannot justify removal." *Id.*

The court finds, therefore, that because the Plaintiffs' complaint presents only issues of state law it is not removable.

---

2. For this reason, other cases cited by Sanguinetti involving actions filed in federal court are not on point. *See Janakes v. U.S. Postal Service,* 768 F.2d 1091 (9th Cir.1985); *Kansas City Power & Light v. Kansas Gas & Electric Company,* 747 F.Supp. 567 (W.D.Mo.1990).

## III.

### Conclusion

For the foregoing reasons, the Plaintiffs' Motion to Remand is ALLOWED.