Lester **HUMPHREY**, Plaintiff,

v.

The **THYER MANUFACTURING CORPORATION** (an Ohio Corporation), National Homes Development Company (an Indiana Corporation), Frederick E. Thyer (a Mississippi Resident), Defendants.

Civ. A. No. 1823.

United States District Court
S. D. Mississippi,
Hattiesburg Division.
Sept. 12, 1963.

John Kervin, Jr., Collins, Miss., Daniel, Coker & Horton, Jackson, Miss., Pyles & Tucker, Jackson, Miss., for plaintiff.

John Keyes, Collins, Miss., Simrall, Aultman & Pope, Hattiesburg, Miss., Stuart, Branigin, Ricks & Schilling, Lafayette, Ind., for defendants.

COX, Chief Judge.

The plaintiff is a citizen of Copiah County, Mississippi. He was a former employee of the Thyer Manufacturing Corporation at Collins. He was a member of the Local Union 1924 of the United Brotherhood of Carpenters and Joiners of America. The Thyer Manufacturing Corporation was engaged in the manufacture of prefabricated houses which were sold and transported in interstate commerce. The labor union as the bargaining representative of the plaintiff and others in the plant had made a collective bargain contract with the Thyer Manufacturing Corporation.

The plaintiff, as an individual employee of said corporation, filed a suit for damages in the Circuit Court of Covington County, Mississippi, against the named defendants for the breach of said contract. The declaration in substance avers that the three defendants conspired together to displace his seniority rights by using cheaper employees with less seniority so as to lessen the cost of its operation. It is contended that stock in the second named corporation was acquired and voted and used in violation of the anti-trust laws of the State of Mississippi and that such business practices and maneuvers of the defendants resulted in plaintiff's loss of his job and consequent damages.

The three defendants removed the case here under the contention that this Court has jurisdiction thereof under 29 U.S.C. 1952 ed. § 185 (frequently referred to as a § 301 Case of the Labor Management Relations Act, 1947). The Court has no diversity jurisdiction in this case. The plaintiff has moved to remand the case to the state court on the theory that this Court has no jurisdiction of this suit under this section of this act. The predominant purpose of this Congressional enactment was to forestall any interruption of interstate commerce by strikes. The immediate objective of the cited section of the act was to make unincorporated labor unions and associations legal entities, and to remove individual responsibilities of its members, and to transfer such responsibility to the

union for its activities. To that end the labor unions were given the right to sue, or be sued whether incorporated or not, in the name of the union in a Federal Court for an enforcement of rights affecting all of the members. The union could not sue for the individual rights of one of the members under the contract in suit here. In the instant case, an individual employee for whose use and benefit this contract was made by the union with the employer, has brought this suit in the state court for damages for breach of this contract. No other assertion of rights or relief is sought. Section 185 does not confer exclusive jurisdiction on the Federal Court even in a suit properly brought within the purview of that act. There are many cases which were cited to the Court in this case, but none of which are entirely on "all fours" with the situation here. The question pointedly posed in this case is as to whether or not this individual may have brought this suit in this court. That question must be answered in the negative. There is no basic ground of Federal jursidiction stated in the declaration in the state court which would give this court any jurisdiction to try this suit. That is clearly the holding of Sheppard v. Cornelius, trading as Barney Coal Company, and Leckie Smokeless Coal Company, (4 C.A.) 302 F.2d 89, with which this Court is in complete accord. The teaching of that case is that an individual employee would have no standing in a district court in a suit by him on a collective bargain contract against the employer for the enforcement of his personal rights and claims under that contract. This Court clearly has no jurisdiction of a non-diversity action by an employee against the employer and others for damages accruing to him as a result of a breach of a collective bargain contract. That is a matter exclusively for the state court unless the district court had jurisdiction of the case for another reason which is non-existent here. The motion to remand will be sustained. A judgment accordingly and in the companion cases numbered 1823–1837, inclusive, may be presented for entry.