18509

Virginia S. BURRIS, Appellant, v. The ELECTRO MOTIVE MFG. CO., Inc., and Philip Bein, Respondents.

(148 S. E. (2d) 687)

*Messrs. McEachin, Townsend & Zeigler*, of Florence, for *Appellant,*

*Messrs. Ellison D. Smith, Jr.,* and *Wm. H. Smith, Jr.,* of Columbia, *for Respondents,*

May 27. 1966.

BUSSEY, Justice.

The plaintiff-appellant is a former employee of the corporate defendant, the defendant Philip Bein being the plant manager of the corporate defendant. Her complaint alleged that because of her interest in forming a local union of the International Brotherhood of Electrical Workers at the defendant's plant near Florence, South Carolina, she was wrongfully discharged from defendant's employ. She brought her action under the provisions of Sections 40-46 through 40-46.8, Code of Laws of South Carolina, 1962, commonly known as the Right to Work Law.

The defendants demurred to the complaint on three grounds, (1) failure to state a cause of action; (2) defect of parties plaintiff; and (3) that the complaint affirmatively showed that the court had no jurisdiction of the subject of the action, the National Labor Relations Act, as amended by the Labor Management Relations Act, 29 U. S. C. A. § 141 *et seq.*, having vested exclusive jurisdiction of the subject of the action with the National Labor Relations Board, all other agencies and courts having been pre-empted of jurisdiction.

The appeal is from an order of the circuit court sustaining the demurrer, which appellant concedes was sustained on each of the grounds. If the circuit court was correct in holding that the state court had been pre-empted of jurisdiction, it will follow, as a matter of course, that it is unnecessary to decide various other questions raised and argued in the

briefs of counsel. The only exception on the part of appellant which challenges His Honor's holding in this respect is as follows:

"6. That the Circuit Court erred in failing to find that a cause of action for slander is not pre-empted under the Federal statutes, the error being that the plaintiff may bring a cause of action for common law torts against the defendants in the courts of this State."

It will be noted that said exception makes reference only to a "cause of action for slander" and a "cause of action for common law torts * * *." No mention is made of a. cause of action under the statutory provisions under which appellant assertedly brought her action. Appellant insists, however, that under a liberal construction of her complaint, to which she is entitled on demurrer, the complaint alleged a cause of action for slander.. Her complaint alleges, in effect, that she was discharged because of her interest in the formation of a union to which the defendants were opposed, and then goes on to allege that "the said Philip Bein * * * negligently, recklessly, willfully, wantonly and maliciously accused the plaintiff of having discussed union membership with other employees during company time, when he knew or should have known said charges were false, and discharged her from her employment." The contention that the complaint alleged a cause of action for slander is based on the quoted language. Assuming, without deciding, that the alleged false accusation would give rise to an action for slander, if published, there is no allegation in the complaint to the effect that such accusation was published by either of said defendants. In 33 Am. Jur. 216, Libel and Slander, Section 238, it is said,

"Since publication is an essential element of a libel or a slander, the authorities appear to agree that the complaint must show in a definite and positive manner that the defamatory matter therein set out was communicated in one way or another to some third person or persons."

Decisions of this court are in accord with the above quoted rule. See *Riley v. Askin & Marine Co.,* 134 S. C. 198, 132 S. E. 584, 46 A. L. R. 558. In the absence of an allegation of publication, it is clear that the complaint did not allege a cause of action for slander and, consequently, it is unnecessary for us to consider or decide whether the state courts have been pre-empted of jurisdiction of a cause of action which has not been alleged.

Since the holding of the circuit court to the effect that the state court had no jurisdiction of the subject of the action is unchallenged by any meritorious exception, that holding stands as the law of the case, rendering it unnecessary for this court to consider or decide the other questions raised and discussed on the appeal.

The judgment of the lower court is, accordingly,

Affirmed.

Moss, Acting C. J., LEWIS and BRAILSFORD, JJ., and LEGGE, Acting J., concur.