770 F.2d 1272
 120 L.R.R.M. (BNA) 2339, 27 Wage & Hour Cas. (BN 530,
103 Lab.Cas. P 11,678
 James Donald COOK; Arthur J. Keith; Gerald Dale Lambert;
Ben Coakley; Julian Gamble; Robert Davis;
Marshall Ray Justice; Leroy Davis;
Qulex Dickerson, Plaintiffs,
and
James Cooper, Appellant,
v.
GEORGETOWN STEEL CORPORATION, Appellee.
James Donald COOK; James Cooper, Plaintiffs,
and
Arthur J. Keith; Gerald Dale Lambert; Ben Coakley; Julian
Gamble; Robert Davis; Marshall Ray Justice;
Leroy Davis; Qulex Dickerson, Appellants,
v.
GEORGETOWN STEEL CORPORATION, Appellee.
James Donald COOK, Plaintiff,
and
James Cooper; Arthur J. Keith; Gerald Dale Lambert; Ben
Coakley; Julian Gamble; Robert Davis; Marshall
Ray Justice; Leroy Davis; Qulex
Dickerson, Appellees,
v.
GEORGETOWN STEEL CORPORATION, Appellant.
James COOPER; Arthur J. Keith; Gerald Dale Lambert; Ben
Coakley; Julian Gamble; Robert Davis; Marshall
Ray Justice; Leroy Davis; Qulex
Dickerson, Plaintiffs,
and
James Donald Cook, Appellee,
v.
GEORGETOWN STEEL CORPORATION, Appellant.
James COOPER; Arthur J. Keith; Gerald Dale Lambert; Ben
Coakley; Julian Gamble; Robert Davis; Marshall
Ray Justice; Leroy Davis; Qulex
Dickerson, Plaintiffs,
and
James Donald Cook, Appellant,
v.
GEORGETOWN STEEL CORPORATION, Appellee.
 Nos. 84-1873, 84-1888, 84-1897, 84-1898 and 84-1932.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 6, 1985.
Decided Aug. 29, 1985.
 
 Thomas J. Rubillo, Georgetown, S.C. (Lawrimore, Rubillo & Darr, Jack M. Scoville, Jr.; Rosen, Rosen & Scoville, Georgetown, S.C., on brief), for appellant.
 Thomas A. Bright, Greenville, S.C. (Bruce A. Petesch, Haynsworth, Baldwin, Miles, Johnson, Greaves & Edwards, Greenville, S.C., on brief), for appellee.
 Before WINTER, Chief Judge, WILKINSON, Circuit Judge and TURK, Chief District Judge for the Western District of Virginia, sitting by designation.
 HARRISON L. WINTER, Chief Judge:
 
 
 1
 These suits were instituted in a state court and removed to the district court where they were there consolidated. While the parties to these cross-appeals press on us issues involving their collective bargaining agreement and South Carolina's wage claim statute, we do not reach them because we conclude that the cases were improperly removed. We vacate the judgment of the district court and direct it to remand the cases to state court.
 
 I.
 
 2
 Defendant Georgetown Steel is a Delaware corporation whose principal business is operating a steel mill in Georgetown, South Carolina. The ten individual plaintiffs in these consolidated cases worked at that mill under a collective bargaining agreement between defendant and the United Steelworkers of America that covered the period of February 7, 1981 to December 6, 1983. In January of 1982, plaintiffs requested and received pay in lieu of their vacation for 1982. On February 6, 1982, all of the plaintiffs were laid off, some of them permanently. Defendant withheld amounts equaling the 1982 vacation payments from plaintiffs' final paychecks, claiming that these amounts would not be earned until each plaintiff's individual employment anniversary date later in 1982.
 
 
 3
 The union filed a grievance on behalf of the employees whose wages had been withheld, and each of the plaintiffs made written and oral demands upon defendant for payment. On April 2, 1982, plaintiffs filed individual actions in state court, seeking payment of the withheld vacation amounts and civil penalties under S.C.Code Sec. 41-11-170. On April 7, 1982, the parties settled the grievances by agreeing that plaintiffs would be paid the amounts withheld by defendant and that employees laid off in the future would not have to reimburse defendant for unearned vacation, although employees otherwise leaving the defendant's employ would be so liable. Defendant did not immediately pay the disputed amounts. Instead, it wrote to the employees seeking releases. It paid the disputed amounts to the four who gave releases.
 
 
 4
 On April 23, 1982, defendant removed the state suits to federal court. The parties submitted stipulations of fact, and the district court conducted a bench trial in July, 1984. It held that defendant had no right to withhold the disputed vacation pay, and that defendant was liable for accrued vacation pay until it paid each plaintiff the withheld amounts. Plaintiffs appealed, contending that they should have received their full wages for the penalty period, rather than just their vacation pay. Defendant cross-appealed, contending that it was not liable at all to these plaintiffs because the collective bargaining agreement permitted it to withhold the amounts in dispute and because South Carolina's wage claim statute does not apply if there is a bona fide dispute over the amount of wages due.
 
 II.
 
 5
 The defendant removed the state actions to federal district court. Although plaintiffs have not questioned the district court's jurisdiction, lack of subject matter jurisdiction is an issue that requires sua sponte consideration when it is seriously in doubt. Having such a doubt, we directed the parties to address the issue.
 
 
 6
 The relevant portion of the removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.... Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. Sec. 1441. Since the defendant's principal place of business is in South Carolina and all the plaintiffs reside in that same state, removal was proper only if plaintiffs' complaints fall within the original federal question jurisdiction of the district courts.
 
 
 7
 The district court's citation of 29 U.S.C. Sec. 185 in support of its jurisdiction indicates that a federal question may be involved in this case.[1] But as we have recently noted, "To be removable to federal court under 28 U.S.C. Sec. 1441 a state action must be within the original jurisdiction of the district court, and its jurisdiction must be ascertainable from the face of the complaint." Hunter Douglas, Inc. v. Sheet Metal Workers International Association, Local 159, 714 F.2d 342, 345 (4 Cir.1983) (emphasis added).[2] See also Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 n. 9, 103 S.Ct. 2841, 2847 n. 9, 77 L.Ed.2d 420 (1983) ("The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction.").
 
 
 8
 In their complaints, plaintiffs did not allege any issue relating to the collective bargaining agreement, nor would they be required to prevail on any such issue in order to establish their right to recovery. Their complaints merely stated that defendant owed them unpaid wages and penalties. The district court characterized their suit by saying that "plaintiffs' claim is brought pursuant to section 41-11-170 of the Code of Laws of South Carolina, 1976." In order to recover, plaintiffs would be required to prove only that they worked the periods involved, that defendant withheld wages for that time (neither of which is disputed), and what is the correct measure of damages under state law. A federal issue is interjected into the cases only by defendant's counterclaim or setoff, in which it pleads that it was entitled under the collective bargaining agreement to withhold these wages as reimbursement for vacation pay advanced to the employees. A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction, and we do not think that every claim for unpaid wages under a collective bargaining contract governed by federal law necessarily states a federal cause of action.[3]
 
 
 9
 The well-pleaded complaint rule has occasionally been subject to criticism, but its principles were recently reaffirmed by a unanimous Supreme Court in Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The Court noted that the statutory phrase "arising under" has "resisted all attempts to frame a single, precise definition," but that Justice Holmes' statement that "[a] suit arises under the law that creates the cause of action" had often been used as an inclusive principle and that leading commentators have suggested that "an action 'arises under' federal law 'if in order for the plaintiff to secure the relief sought he will be obliged to establish both the correctness and the applicability to his case of a proposition of federal law.' " 463 U.S. at 8-9, 103 S.Ct. at 2846. The Court then reaffirmed the practical utility of the well-pleaded complaint rule:
 
 
 10
 One powerful doctrine has emerged, however--the "well-pleaded complaint" rule--which as a practical matter severely limits the number of cases in which state law "creates the cause of action" that may be initiated in or removed to federal district court, thereby avoiding more-or-less automatically a number of potentially serious federal-state conflicts.... Thus, a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise, ... or that a federal defense the defendant may raise is not sufficient to defeat the claim.... [A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case "arises under" federal law. "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936).
 
 
 11
 Id. 463 U.S. at 9-10, 103 S.Ct. at 2846-47 (original emphasis). Although this case raises substantial issues under both state and federal law, the Court reaffirmed that if a well-pleaded complaint does not invoke federal law, jurisdiction does not exist even in the stronger case where the only real issue in the case is a federal one.[4]
 
 
 12
 A footnote from Hunter Douglas could be read to support jurisdiction in this case, but we do not believe it was intended to create any such special rule. We stated there:
 
 
 13
 That the complaint failed to note the distinctively federal nature of labor contract disputes is, of course, irrelevant. If a labor contract violation is put in issue, a federal question exists to justify removal even though the complaint is cast entirely under state law.
 
 
 14
 714 F.2d at 346 n. 2 (citing Avco Corp. v. Aero Lodge No. 735, 376 F.2d 337 (6 Cir.1967), aff'd, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) ). That statement was made in the declaratory judgment context, and the threatened action by the union--claiming that the company violated the collective bargaining agreement and was bound to arbitrate--is clearly within the scope of 29 U.S.C. Sec. 185. Similarly, in Avco, federal question jurisdiction existed because the company sought to enjoin a strike by workers covered by a (federal) collective bargaining agreement that contained no-strike and arbitration clauses. In order to secure the relief it sought, the company had to prove that the union was violating its collective bargaining agreement.[5]
 
 III.
 
 15
 Since plaintiffs' complaints did not properly invoke any basis for federal jurisdiction, we vacate the judgment of the district court and remand these cases to the district court with instructions to remand them to state court.
 
 
 16
 VACATED AND REMANDED.
 
 
 
 [1]
 That section provides:
 Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
 This provision has been interpreted broadly as a jurisdictional grant, and in Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), the Court held that it also opened the door for the federal courts to create a federal common law of labor contracts. Neither the statute nor Lincoln Mills, however, purports to change the normal procedural rules for establishing jurisdiction, and since defendant has never argued that plaintiffs' state cause of action is pre-empted by federal labor law, we find inapposite such cases as Allis-Chalmers Corp. v. Lueck, --- U.S. ----, 105 S.Ct. 1904, 83 L.Ed.2d 206 (1985).
 
 
 [2]
 See generally City National Bank v. Edmisten, 681 F.2d 942 (4 Cir.1982), where the following established principles guided our decision:
 A suit "arises under" federal law if federal law creates the cause of action. American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916). However, a state-created cause of action may also arise under federal law if the resolution of the dispute depends upon the validity, construction or effect of federal law, so long as the federal question is a real and substantial issue, Shulthis v. McDougal, 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205 (1912), and its resolution is an essential element of plaintiff's case. Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936).
 The federal question must be an essential element of plaintiff's complaint; the anticipation of a defense which arises under federal law does not establish federal jurisdiction. Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).
 681 F.2d at 945 (emphasis added).
 
 
 [3]
 The nonfederal nature of plaintiffs' complaints is highlighted by the fact that they were all paid the disputed wages before any substantial proceedings occurred in federal court. Plaintiffs filed their ten separate actions in state court on April 2, 1982, and the underlying grievances were resolved on April 7, 1982. Two plaintiffs actually received their wages on April 16, 1982, one week before defendant removed the cases to federal court. Two other plaintiffs were paid on May 21, 1982, and the remaining six plaintiffs were paid on September 2, 1982. After these dates plaintiffs had no conceivable federal cause of action and were proceeding solely under the state civil penalties statute. The district court took no action on these cases before September 2, and its only action within the first year after removal was to order consolidation on all issues except damages. Thus, even if plaintiffs' complaints had properly invoked federal law, the district court's exercise of pendent jurisdiction over the remaining claims would appear to have been unjustified. See United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.")
 
 
 [4]
 The [well-pleaded complaint] rule, however, may produce awkward results, especially in cases in which neither the obligation created by state law nor the defendant's factual failure to comply are in dispute, and both parties admit that the only question for decision is raised by a federal preemption defense. Nevertheless, it has been correctly understood to apply in such situations
 Id. at 12, 103 S.Ct. at 2848.
 
 
 [5]
 Chapman v. Southeast Region I.L.G.W.U. Health & Welfare Recreation Fund, 265 F.Supp. 675 (D.S.C.1967), is also distinguishable. That case held that state suits seeking recovery of amounts of improperly withheld vacation pay were properly removed to federal district court. The opinion does not mention the well-pleaded complaint rule, but more importantly, plaintiffs' cause of action there more intimately involved federal issues. Plaintiffs there claimed that amounts deducted from their vacation pay, according to the terms of the contract, should have been paid to them because the contract terms violated South Carolina's right-to-work statutes. Thus, plaintiffs' complaint drew into question the validity of a term in a federal labor contract. In contrast, plaintiffs here were seeking amounts that were admittedly due them, and only the defendant raises an issue of contract interpretation by way of recoupment or defense