22405

Bonnie B. YORK, Respondent, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

(337 S. E. (2d) 210)

Supreme Court

*James M. Shoemaker, Jr.,* of *Wyche, Burgess, Freeman & Parham,* Greenville, *for appellant.*

*D. Denby Davenport, Jr.,* of *Gaddy & Davenport,* Greenville, *for respondent.*

Nov. 12, 1985.

GREGORY, Justice:

In this action respondent seeks both contract and tort damages arising from State Farm's refusal to pay insurance benefits. The trial court granted respondent judgment and interest on the contract action, and ordered the tort claim to trial. State Farm appeals. We affirm.

Regarding the contract action, appellant contends the trial court erred in permitting the stacking of supplemental personal injury protection (APIP) benefits. Though appellant seeks to factually distinguish the present case, it is clear that our decisions in *Esler v. United Services Auto. Assn.*, 273 S. C. 259, 255 S. E. (2d) 676 (1979), and *Belk v. Nationwide Mutual Ins. Co.*, 271 S. C. 24, 244 S. E. (2d) 744 (1978), control this issue; therefore, this argument fails.

State Farm also argues the trial court erred in ordering the tort claim to trial. The company contends this Court's decision in *Nichols v. State Farm Mut. Auto. Ins.*, 279 S. C. 336, 306 S. E. (2d) 616 (1983) should not be retroactively applied because it created a new cause of action. This position is without merit.

In *Carter v. American Mutual Fire Ins. Co.*, 279 S. C. 367, 307 S. E. (2d) 225 (1983), this Court permitted recovery in a *Nichols* case where the cause of action arose prior to the *Nichols* decision. Though *Carter* does not expressly address the question of retroactive application, the opinion implicitly recognizes such an application. *See also Brown v. S. C. Insurance Co.*, 284 S. C. 47, 324 S. E. (2d) 641 (S. C. App. 1984), *cert. granted* 329 S. E. (2d) 768 (S. C. 1985).[1]

Appellant's remaining exceptions are without merit, and are affirmed pursuant to Supreme Court Rule 23.

The order of the lower court is, accordingly

Affirmed.

NESS, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[1] In the *Brown* Petition for Certiorari, the issue of the retroactivity of *Nichols* was raised; however, certiorari was denied on that issue.