0788

J. Frank BARTLETT, III, Appellant v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Respondent.

(348 S. E. (2d) 530)

Court of Appeals

*William O. Kneece* and *Edgar S. Kneece,* Columbia, *for appellant.*

*Robert A. McKenzie,* Columbia, *for respondent.*

Heard June 18, 1986.

Decided Sept. 2, 1986.

BELL, Judge:

This appeal involves a claim for bad faith refusal to pay first party benefits under a contract of insurance. The plaintiff, J. Frank Bartlett, sued Nationwide Mutual Fire Insurance Company, alleging two causes of action: (1) breach of contract; and (2) bad faith refusal to pay benefits due under

a contract of insurance. Nationwide moved to strike the allegations of bad faith refusal to pay on the ground that *Nichols v. State Farm Mutual Automobile Insurance Co.*, 279 S. C. 336, 306 S. E. (2d) 616 (1983), did not apply to claims arising prior to the decision in that case. The circuit court granted the motion to strike on the ground that *Nichols* was not to be given retroactive effect, because it created a new cause of action not previously recognized in South Carolina. Bartlett did not appeal this ruling.

Subsequently, Bartlett filed an amended complaint in which he alleged two causes of action: (1) breach of contract; and (2) the cause of action described in *Brown v. South Carolina Insurance Co.*, 284 S. C. 47, 324 S. E. (2d) 641 (Ct. App. 1984), *cert. dismissed* 290 S. C. 154, 348 S. E. (2d) 530 (1985). Nationwide again moved to strike the second cause of action. The circuit court granted the motion to strike, holding that Bartlett had realleged the same cause of action which was stricken from his original complaint. Bartlett appeals from this second order on the ground that the cause of action in *Nichols* and the cause of action in *Brown* are different causes of action. We affirm the circuit court's ruling on the second motion to strike.

During the pendency of this appeal, the Supreme Court ruled that *Nichols* is applicable to claims arising before the decision in that case. *See York v. State Farm Mutual Automobile Insurance Co.*, 287 S. C. 164, 337 S. E. (2d) 210 (1985). The Court noted that its holding in *York* was implicit in its prior decision in *Carter v. American Mutual Fire Insurance Co.*, 279 S. C. 367, 307 S. E. (2d) 225 (1983), and also in the decision of this Court in *Brown v. South Carolina Insurance Co., supra.*

In light of *York*, *Carter*, and *Brown*, the circuit court's ruling that *Nichols* does not apply to Bartlett's claim is plainly erroneous. However, Bartlett did not raise the issue of retrospective application of *Nichols* in the circuit court nor in any exception on appeal. Thus, the judge's ruling is now the law of the case. *Burris v. Electro Motive Manufacturing Co.*, 247 S. C. 579, 148 S. E. (2d) 687 (1966). This Court will not reverse a trial court ruling on the ground of plain error appearing in the record; we are free to reverse only when error is properly preserved in the trial

court and properly presented by an exception on appeal. *See Ellison v. Heritage Dodge, Inc.*, 283 S. C. 21, 320 S. E. (2d) 716 (Ct. App. 1984). Accordingly, we address only the question presented by Bartlett's exceptions: whether the *Brown* decision recognized a different cause of action from *Nichols.*

In a landmark decision, our Supreme Court held in *Nichols v. State Farm Mutual Automobile Insurance Co., supra,* that if an insured can demonstrate bad faith or unreasonable refusal by an insurer to pay first party benefits due under a mutually binding insurance contract, he can recover damages not limited to the face amount of the contract; and if the insurer's actions are willful or in reckless disregard of the insured's rights under the contract, he can recover punitive damages.

We noted in *Brown v. South Carolina Insurance Co., supra,* 284 S. C. at 55, n. 4, 324 S. E. (2d) 646-647, n. 4, that although the *Nichols* opinion described the cause of action for bad faith refusal to pay as a tort action, it was more consistent with later Supreme Court decisions applying *Nichols to* regard it as an action in contract on an implied covenant of good faith and fair dealing. The subsequent decision in *York v. State Farm, supra,* lends further weight to this view, because it cites *Brown* with approval and, more importantly, because the general rule regarding retroactive application of judicial decisions is that decisions creating new substantive rights have prospective effect only, whereas decisions creating new remedies to vindicate existing rights are applied retroactively. *Douglass v. Florence General Hospital,* 273 S. C. 716, 259 S. E. (2d) 117 (1979) (opinion creating a liability where formerly there was none must be applied prospectively only); *Milbradt v. Margaris,* 103 Wash. (2d) 337, 693 P. (2d) 78 (1985) (opinion affecting ultimate remedy available, not creating a new liability, may be applied retroactively). Under this fundamental principle, if *Nichols* created a new tort, it would not apply to claims arising before that decision; if it created a new remedy for rights arising from preexisting contractual relationships, it would have retroactive effect.

The critical matter is not one of labels, however. Whether the *Nichols* cause of action is described as sounding in tort or in contract, it is clear from *Nich-*

*ols,* from *Brown,* and from more recent decisions of the Supreme Court, such as *Varnadore v. Nationwide Mutual Insurance Co.,* 289 S. C. 155, 345 S. E. (2d) 711 (1986), that the elements of the cause of action are: (1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) a refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured. If these elements are pleaded and proved, the insured's remedy is not limited to the face amount of the contract; if he proves the insurer's conduct was willful or in reckless disregard of his rights under the contract, the insured may also recover punitive damages.

These were the elements pleaded by the plaintiff in *Brown.* We held they were sufficient in that case, which came to us on a demurrer, to state a cause of action under *Nichols.* As the Supreme Court subsequently recognized in *York,* implicit in our holding was the proposition that *Nichols* could be applied to claims arising before it was decided. In our view, this was so because *Nichols* created a new remedy for the violation of rights arising in contract, not a new substantive right in tort. In any event, we did not intend to suggest the *Brown* plaintiff had alleged anything other than a *Nichols* cause of action. For this reason, we reject Bartlett's argument that the circuit court should not have stricken the allegations in his amended complaint because *Nichols* and *Brown* involved different causes of action.

Affirmed.

SANDERS, C. J., and Shaw, J., concur.