**Audie E. TREXLER, Plaintiff,**

v.

**NORFOLK SOUTHERN RAILWAY COMPANY; Thomas L. Lynch; James H. Forrest; C.L. Crabtree; and Norfolk Southern Corporation, Defendants.**

Civil No. 4:96CV00736.

United States District Court,
M.D. North Carolina,
Salisbury Division.

March 4, 1997.

Richard L. Huffman, Jr., Wallace and Graham, P.A., Salisbury, NC, C. Marshall Friedman, C. Marshall Friedman, P.C., St. Louis, MO, for Plaintiff.

M. Daniel McGinn, Allison Moore Grimm, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, NC, for defendants.

## MEMORANDUM OPINION

BULLOCK, Chief Judge.

Before the court are Defendants' motion to dismiss and Plaintiff's motion to remand to state court. On July 30, 1996, Plaintiff, Audie E. Trexler, filed this action in North Carolina state court against his former employer, Norfolk Southern Railway Company (NSRC), for incidents arising out of his termination which occurred on or about February 1, 1996. The gravamen of Trexler's complaint is a claim of wrongful termination in violation of North Carolina public policy (Count I) brought against NSRC and several others, including: (a) Norfolk Southern Corporation (NSC), a corporation and holding company existing apart from NSRC; (b) James H. Forrest, a foreman of NSRC; (c) Thomas L. Lynch, a Master Mechanic of NSRC; and (d) C.L. Crabtree, a Manager of Training for NSC and hearing officer at Plaintiff's termination proceeding.

Also included in Plaintiff's complaint were the following counts:

(a) Count II—defamation (libel and slander) brought against Defendants Lynch, Forrest, and Crabtree;

(b) Count III—negligent infliction of emotional distress brought against Defendants NSC and Crabtree;

(c) Count IV—intentional infliction of emotional distress brought against Defendants NSRC and NSC;

(d) Count V—intentional tortious interference with contract or expectancy brought against Defendant NSC; and

(e) Count VI—civil conspiracy brought against all Defendants.

Defendants removed to this court alleging original jurisdiction under the Railway Labor Act, 45 U.S.C.A. §§ 151–188 (1986 & Supp. 1996) (the RLA). Both parties argue, albeit for different reasons, that this court lacks subject matter jurisdiction. Defendants argue that Plaintiff's claims are pre-empted by the RLA.[1] Plaintiff cites as support for his argument against removal the lack of complete diversity and the absence of a federal question. For the reasons set forth hereafter, the court will remand the entire action.

## FACTS

Plaintiff was employed by NSRC as a railroad "carman" in Linwood, North Carolina, for seventeen years. Plaintiff's employment relationship with NSRC was governed by the RLA and a collective bargaining agreement (CBA). On December 5, 1995, Plaintiff was deposed, under oath, regarding a federal suit (unrelated to the present action) brought by Plaintiff's union against NSC and NSRC. At that deposition Plaintiff testified that he

had heard Defendant LYNCH state that he did not recommend the Linwood Carmen vote Jack Wright in as local chairman because ... [he] always stirred up trouble and ... that the [current] local Chairman ... would get along real good with the company and the Linwood Carmen did not need Jack Wright in there because he would cause problems.

(Pl.'s Compl. at 4, ¶ 10.) At the time of Plaintiff's deposition, he was seeking a union position as local vice chairman. Lynch, believing Plaintiff had testified falsely, set into motion the company's disciplinary investigation procedures in order to establish whether Plaintiff, in so testifying, had engaged in conduct unbecoming an employee of NSRC.

Thereafter, on January 4, 1996, Defendant Forrest issued a written notice of investigation in regard to the charge of "conduct unbecoming" arising out of the alleged false testimony. On January 23, 1996, Plaintiff's disciplinary hearing was held before Defendant Crabtree, the appointed Hearing Officer. At the hearing, Crabtree accepted for admission into evidence Plaintiff's offer of a favorable polygraph examination voluntarily taken by Plaintiff. Crabtree later refused to consider the polygraph results and instead recommended, by letter dated January 31, 1996, that Plaintiff be terminated for testifying falsely.

In addition to Plaintiff's claims regarding wrongful discharge, defamation, and infliction of emotional distress, Plaintiff alleges that Crabtree was negligent in ruling on the admissibility of the polygraph evidence. Plaintiff further alleges that NSC was negligent in selecting Crabtree as the hearing officer and in failing to provide him with sufficient advice on the issue of polygraph admissibility.

## DISCUSSION

At issue in this case is the scope of pre-emption under the RLA. The purpose of the RLA is to promote the efficient settlement of disputes arising out of employment relationships in the railroad and air carrier businesses. *See* 45 U.S.C.A. § 151a (1986). Section 153 of the RLA provides for a National Railroad Adjustment Board (NRAB) which is vested with exclusive jurisdiction over "minor disputes" under the Act. 45 U.S.C.A. § 153; *see also Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 322, 92 S.Ct. 1562, 1564, 32 L.Ed.2d 95 (1972) (concluding that arbitration through the NRAB is mandatory and binding as to minor disputes).

Minor disputes are those "growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions." 45 U.S.C.A. § 153 First (i). Considering the major-versus-minor dispute distinction, the Supreme Court stated as follows: "major disputes seek to create contractual rights, minor disputes to enforce them." *Consolidated Rail Corp. v. Railway Labor Execu-*

---

1. Alternatively, Defendants argue that Plaintiff has failed to state a claim on any count. In light of the court's conclusion on the pre-emption question, it is unnecessary for the court to rule on that portion of the dismissal motion based on failure to state a claim.

*tives' Ass'n*, 491 U.S. 299, 302, 109 S.Ct. 2477, 2480, 105 L.Ed.2d 250 (1989). The court lacks subject matter jurisdiction over minor disputes because they are subject to mandatory arbitration under the RLA. If Plaintiff's claims constitute minor disputes then they would be pre-empted by the RLA.

The court is guided by the decision in *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994) (unanimous court). There, an aircraft mechanic brought claims for wrongful discharge based upon an alleged violation of public policy and in violation of Hawaii's Whistleblower Protection Act, *see id.* at 250, 114 S.Ct. at 2242–43, arising out of his termination for refusal to sign an aircraft maintenance log. *Id.* at 249–50, 114 S.Ct. at 2242–43. The Court held that these claims were not pre-empted by the RLA. *Id.* at 248, 114 S.Ct. at 2241–42.

The Court cautioned that, because employment standards are traditionally within the police power of the State, pre-emption " 'should not be lightly inferred.' " *Id.* at 252, 114 S.Ct. at 2243 (quoting *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 21, 107 S.Ct. 2211, 2222–23, 96 L.Ed.2d 1 (1987)). "Principles of federalism demand ... caution in finding that a federal statute pre-empts state law." *Id.* at 259 n. 6, 114 S.Ct. at 2247 n. 6.

Like Defendants in the present case, the employer in *Hawaiian Airlines* contended that the wrongful termination claim at issue was a minor dispute. Minor disputes are "those involving the interpretation or application of existing labor agreements." *Id.* at 256, 114 S.Ct. at 2245. The pre-emptive reach of the RLA does not extend to those "rights that are independent of the CBA." *Id.* at 256, 114 S.Ct. at 2246 ("[S]ubstantive protections provided by state law, independent of whatever labor agreement might govern, are not pre-empted under the RLA.").

The standard for addressing pre-emption under the RLA is the same as that utilized in Labor–Management Relations Act (LMRA) pre-emption cases. *Id.* at 263, 114 S.Ct. at 2249 (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407–10, 108 S.Ct. 1877, 1882–84, 100 L.Ed.2d 410 (1988)).

"[T]he question under *Lingle* is whether [the former employee's] state-law wrongful-discharge claims are independent of the CBA." *Id.* at 266, 114 S.Ct. at 2251. A claim is independent of the CBA if it turns on "purely factual questions" about the employer's conduct and motives. *Id.* at 261–62, 114 S.Ct. at 2248–49.

■ State-law claims need not exist entirely independent of the CBA in order to survive the pre-emptive sweep of the RLA. Pre-emption is not mandated simply because analysis of a state-law claim may " 'involve attention to the same factual considerations' " which the court would consider in analyzing claims arising exclusively under the CBA. *Id.* at 262, 114 S.Ct. at 2248–49 (quoting *Lingle*, 486 U.S. at 408, 108 S.Ct. at 1882–83).

> [E]ven if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing *precisely the same set of facts*, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement.

*Lingle*, 486 U.S. at 409–10, 108 S.Ct. at 1883 (emphasis added). Accordingly, it is not enough that there be factual parallelism between the state-law claims and those potentially existing under the CBA.

Plaintiff argues that this action was improperly removed. Removal of an action from state court is proper if the action could have originally been brought in federal district court. 28 U.S.C.A. § 1441(a) (1994 & Supp.1996) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."). Complete diversity is lacking in this case and therefore federal jurisdiction, if any, may be based only upon the existence of a federal question appearing in the complaint.

The question regarding whether this court could have had original jurisdiction is linked closely to the question concerning pre-emption. Both questions require the court to examine the complaint on its face. This is so because (1) "[t]he presence or absence of federal-question jurisdiction is governed by

the 'well-pleaded complaint rule,' " *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987),[2] and (2) the holding in *Hawaiian Airlines* instructs that the focus is on the source of the alleged duty—by examining the complaint, the court must assess whether plaintiff has alleged a breach of a "state-law obligation" that exists independent from the "duties and rights created or defined by the CBA." 512 U.S. at 258, 114 S.Ct. at 2246–47; *see also Jackson v. Kimel*, 992 F.2d 1318, 1326 (4th Cir.1993) ("[T]he question we must ask to determine whether [an employee's] claim against [the employer] is preempted is whether reference to the [CBA] is 'necessary to determine whether [the employer had] a "duty of care" . . . or to define "the nature and scope of that duty." ' ") (quoting *McCormick v. AT & T Technologies, Inc.*, 934 F.2d 531, 535 (4th Cir.1991), *cert. denied*, 502 U.S. 1048, 112 S.Ct. 912, 116 L.Ed.2d 813 (1992)).

■ Read together, *Caterpillar* and *Hawaiian Airlines* instruct the court to focus on the face of the complaint to determine the source of the duty allegedly breached by the employer. This approach does not elevate form over substance, but rather requires preemption if the CBA is found to be the only source of the duty allegedly breached. It is not necessary, under the reasoning of *Hawaiian Airlines* and *Caterpillar*, for the court to examine both the claims and defenses if pre-emption is raised as the basis for removal. Rather, when a defendant raises pre-emption as the basis for removal, the court need look no further than the plaintiff's claims to ascertain the true source of the duty allegedly breached.

The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 2429. Ordinarily, "a case may not be removed . . . on the basis of a federal defense, including the defense of pre-emption." *Id.* at 393, 107 S.Ct. at 2430. In this case, pre-emption is the only potential federal question appearing on the face of the complaint.

There is an exception to the well-pleaded complaint rule known as "complete pre-emption." *Id.* (characterizing the doctrine as an "independent corollary" to the general rule). Complete pre-emption arises in circumstances where "the pre-emptive force of the statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim.' " *Id.* (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987)). The RLA is not so pervasive a statute. *Hawaiian Airlines*, 512 U.S. at 255 n. 5, 114 S.Ct. at 2245 n. 5. "[N]o proposed interpretation [of the RLA] demonstrates a clear and manifest congressional purpose to create a regime that broadly pre-empts substantive protections extended by the States." *Id.* at 255–56, 114 S.Ct. at 2245. Thus, Defendants' only ground for asserting federal-question jurisdiction is by demonstrating that Plaintiff has invoked a right created by the CBA. *Caterpillar*, 482 U.S. at 399, 107 S.Ct. at 2433.

■ The court finds that Plaintiff's claim for wrongful discharge in violation of public policy is not pre-empted by the RLA. In that claim, Plaintiff alleges breach of an independent duty purportedly imposed by state law. Plaintiff alleges that his termination was in violation of North Carolina public policy because: (1) he was terminated for giving truthful testimony; (2) he "did not withhold true testimony about [the Defendants]"; and

---

2. In *Caterpillar*, the employees brought an action in state court based upon state common-law breach of individual employment contracts, and breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, and fraud. *Id.* at 390 & n. 3, 107 S.Ct. at 2428 & n. 3. The employer in *Caterpillar* removed the action to federal court, and the employees "immediately sought remand." *Id.* The ultimate question in *Caterpillar* was whether the claims were "substantially dependent upon interpretation of the [CBA]." *Id.* at 395, 107 S.Ct. at 2430. The Court determined that the claims were independent of the CBA, and therefore were not subject to removal. *Id.* at 399, 107 S.Ct. at 2433. "[A] *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Id.* (citing *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272 (4th Cir. 1985)).

(3) Defendants' purpose in terminating Plaintiff was to dissuade him from testifying truthfully. (Pl.'s Compl. at 7, ¶ 25.)

The court assumes, without deciding, that a public policy to that effect exists in North Carolina. Ultimately a state court must determine whether North Carolina law encompasses the public policy asserted by Plaintiff and whether Defendants' conduct fell below a standard mandated by state law.

■ Like the wrongful discharge claim, the remainder of Plaintiff's claims do not rest on interpretation of the CBA. Plaintiff's right to seek redress for the harms associated with defamation, infliction of emotional distress, tortious interference with contract, and civil conspiracy arise under state law and exist independent of the CBA. Plaintiff has not "artfully pleaded" around what might otherwise be considered a breach of the CBA. "[Defendants'] basic error is [the] failure to recognize that a plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights *independent* of that agreement." *Caterpillar*, 482 U.S. at 396, 107 S.Ct. at 2431. The state tort claims in the present action "require only the purely factual inquiry" into Defendants' conduct and motives. *Hawaiian Airlines*, 512 U.S. at 266, 114 S.Ct. at 2250–51. In this case, Plaintiff alleges that Defendants' conduct was tortious under state law and that the motive for that tortious conduct was retaliation for his testifying truthfully on behalf of a fellow union member. Although the CBA may be referred to by the state court in deciding this case, the court need not interpret it in order to establish whether Defendants' conduct denied Plaintiff the substantive protections provided by North Carolina law.

## CONCLUSION

Because Plaintiff's claims are not preempted by the RLA, the court lacks subject matter jurisdiction over this action. Therefore, Defendants' motion to dismiss will be denied and Plaintiff's motion to remand pursuant to 28 U.S.C.A. § 1447 will be granted in its entirety. Plaintiff's request for costs and attorney's fees will be denied.